**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1856-L** |
| | § | |
| **LORNE W. FREEMAN,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed July 13, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.    Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on May 28, 2015, against Lorne W. Freeman ("Defendant" or "Freeman"). This action arose in connection with an overpayment of Social Security benefits to Freeman.

On February 11, 2008, Freeman was notified by the Social Security Administration ("Agency") that his period of disability began September 28, 2006, with cash benefits payable effective March 2007. The Notice of Award ("Notice") under the "Your Responsibilities" section advised Freeman of the enclosed pamphlet "When You Get Social Security Disability Benefits . . . What You Need To Know." On page 12, the pamphlet advised Freeman to report any earned wages. The Field Office representative also discussed this requirement with Freeman during his original disability application process. Records indicate that Freeman returned to work and had

**Memorandum Opinion and Order – Page 1**

the following earned wages: $16,763.97 in 2010; $89,014.05 in 2011; $100,375.33 in 2012; and $78,698.81 in 2013 after his disability period began.  Freeman continued to collect Social Security disability payments from January 2011 through February 2012, while earning over the allowable amount as shown above.  The Agency notified Freeman on March 5, 2012, that his disability ceased because of work and earnings and that his overpayment was $31,898.70.  The overpayment was reviewed again and changed to $26,704.80.  Mr. Freeman was notified of this in a notice dated March 23, 2014.  Mr. Freeman never ceased work activity during the time he was deemed disabled.  The Agency sent a final demand and compromise notice on March 23, 2014, and September 24, 2014.  Mr. Freeman never responded to the notices.

Freeman was served with a copy of the Summons and Complaint on June 13, 2015.  Defendant was required to answer or otherwise respond to the Complaint by July 4, 2015, 21 days after service of the Summons and Complaint.  *See* Fed. R. Civ. P. 12.  As July 4, 2015, was a Saturday, the time to answer expired on July 6, 2015.  To this date, Freeman has not answered or otherwise responded to the Complaint.

On July 13, 2015, the United States requested the clerk of court to enter a default against Freeman, and the clerk entered default against Freeman the same day.  Plaintiff now requests the court to enter a default judgment against Freeman and award it damages and applicable interest as a result of his default.

**II.     Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  Fed. R. Civ. P. 55(a).  Under Rule 55(a), a default must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of court has entered a default against Freeman.

**Memorandum Opinion and Order – Page 2**

The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Freeman, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Freeman is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Freeman owes the United States is $26,704.80, along with its costs of suit, and interest at the legal postjudgment interest rate.

## III.   Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant Lorne W. Freeman the amount of **$26,704.80**, along with its costs of suit, and interest at the legal postjudgment interest rate. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 15th day of July, 2015.

Sam A. Lindsay
United States District Judge